# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| DELANTE DARNELL HIGGENBOTTOM, <br><br> Petitioner, <br><br> v. <br><br> WARDEN MICHAEL MEISNER, <br><br> Respondent. | Case No. 21-CV-1256-JPS <br><br><br> **ORDER** |

## 1.  INTRODUCTION

On October 28, 2021, Petitioner Delante Darnell Higgenbottom ("Higgenbottom" or "Petitioner") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. The Court will screen his petition under Rule 4 of the Rules Governing Section 2254 Proceedings.

## 2.  FACTUAL BACKGROUND

In 2014, following a jury trial in Milwaukee County Case Numbers 2013CF000270 and 2012CF001393 (which were consolidated for trial and appeal), Higgenbottom was convicted of "Armed Robbery as Party to a Crime," "Felon in Possession of a Firearm," and "Carrying a Concealed Weapon."[1] *State v. Higgenbotton*, 900 N.W.2d 243 (Table), 2017 WL 2192108,

---

[1] *State of Wisconsin v. Delante D. Higgenbottom*, Milwaukee Cnty. Case No. 2013CF000270, https://wcca.wicourts.gov/caseDetail.html?caseNo=2013CF000270&countyNo=51&index=0&mode=details (last visited Dec. 19, 2022); *State of Wisconsin v. Delante D. Higgenbottom*, Milwaukee Cnty. Case No. 2012CF001393, https://wcca.wicourts.gov/caseDetail.html?caseNo=2012CF001393&countyNo=51&index=0&mode=details (last visited Dec. 19, 2022)

at *1 (Wis. Ct. App. May 17, 2017). According to Higgenbottom, he was sentenced to a term of 17 years' imprisonment and 10 years' extended supervision. ECF No. 1 at 2.

Higgenbottom filed a direct appeal. Therein, he argued that (1) the trial court erroneously exercised its discretion in denying his motion for a mistrial after a police investigator (who Higgenbottom argued was not competent to testify on the subject as he is not a DNA analyst or expert) testified that Higgenbottom's DNA was found on hats and ear-warmers found in his car; and (2) ineffective assistance of trial counsel for failure to renew the motion for a mistrial after the same police investigator gave second DNA testimony, obtain copies of search warrants that would have allowed for a motion to suppress Higgenbottom's cell phone records, question the State's witnesses about inconsistencies between investigative reports and officer testimony, safeguard information about defense strategies and weaknesses in the State's case prior to trial, and challenge the initial stop of Higgenbottom. *Higgenbottom*, 2017 WL 2192108, at *2–3. The Wisconsin Court of Appeals addressed each of Higgenbottom's bases for appeal and affirmed the trial court's judgment. *Id.* at *5.

Higgenbottom petitioned for review to the Supreme Court of Wisconsin. According to Higgenbottom, on petition to the Supreme Court of Wisconsin, his appellate counsel filed a no-merit report, which Higgebottom supplemented with additional "constitutional claims of ineffective assistance of counsel, *Brady* violation,[2] and 4th Amendment violation." ECF No. 1 at 3. On September 11, 2017, the Supreme Court of

---

[2] *See Brady v. Maryland*, 373 U.S. 83 (1963).

Wisconsin denied review. *State v. Higgenbottom*, 904 N.W.2d 123 (Table) (Wis. 2017).

On September 18, 2018, Higgenbottom filed a Wis. Stat. § 974.06 motion for postconviction relief. ECF No. 1 at 4; *State v. Higgenbottom*, 962 N.W.2d 263 (Table), 2021 WL 1991235 (Wis. Ct. App. May 19, 2021). Therein, he argued that his trial counsel was ineffective for not challenging the initial stop and search of his vehicle, not raising claims related to the State's withholding of allegedly void search warrants for his cell phone records and using that evidence at trial, failing to impeach a State witness, and failing to object to the trial court's use of inaccurate information. *Higgenbottom*, 2021 WL 1991235, at *1. The Wisconsin Court of Appeals affirmed. *Id.* at *3. Higgenbottom filed a motion for reconsideration, which was denied, ECF No. 1 at 6, and petitioned for review to the Supreme Court of Wisconsin, which denied review on October 18, 2021. *State v. Higgenbottom*, 2021 WL 9781627 (Table) (Wis. Oct. 18, 2021).

Now, Higgenbottom seeks habeas relief on the following grounds: (1) Higgenbottom's trial counsel was ineffective by failing to obtain and examine an allegedly void warrant for his cell phone, which would have allowed counsel to suppress illegally obtained evidence on which the State relied heavily to convict Higgenbottom; (2) Higgenbottom's post-conviction counsel was ineffective on direct appeal by failing to challenge trial counsel's flawed strategy, failing to raise a *Brady* claim, and failing to raise a newly-discovered evidence claim, when it discovered the State suppressed an allegedly void warrant for Higgenbottom's cell phone which, if disclosed before trial, would have changed the outcome of the trial; (3) Higgenbottom's trial and post-conviction counsel were ineffective by failing to challenge the stop of Higgenbottom's vehicle, and the state

courts misapplied the *Terry*[3] "reasonable suspicion" standard and the *Strickland*[4] standard in assessing this claim; and (4) Higgenbottom's trial counsel was ineffective by failing to suppress illegally obtained phone records, which violated Higgenbottom's due process rights, and the state courts' decision on this claim reflects an unreasonable determination of the facts in light of the evidence presented. ECF No. 1 at 14–31.

**3.    ANALYSIS**

Rule 4 authorizes a district court to conduct an initial screening of habeas corpus petitions and to dismiss a petition summarily where "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Thus, Rule 4 provides the district court the power to dismiss both those petitions that do not state a claim upon which relief may be granted and those petitions that are factually frivolous. *See Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993). Under Rule 4, the Court analyzes preliminary obstacles to review, including whether the petitioner has complied with the statute of limitations, exhausted available state remedies, avoided procedural default, and set forth cognizable claims.

**3.1    Timeliness**

First, the Court considers the timeliness of the petition. A state prisoner in custody pursuant to a state court judgment has one year from the date "the judgment became final" to seek federal habeas relief. 28 U.S.C. § 2244(d)(1)(A). A judgment becomes final within the meaning of Section 2244(d)(1)(A) when all direct appeals in the state courts are

---

[3] *See Terry v. Ohio*, 392 U.S. 1 (1968).

[4] *See Strickland v. Washington*, 466 U.S. 668 (1984).

concluded, followed by either the completion or denial of certiorari proceedings in the U.S. Supreme Court, or, if certiorari is not sought, at the expiration of the ninety days allowed for filing for certiorari. *See Ray v. Clements*, 700 F.3d 993, 1003 (7th Cir. 2012).

Here, the Wisconsin Supreme Court denied Higgenbottom's petition for review on September 11, 2017. *Higgenbottom*, 904 N.W.2d 123. Higgenbottom did not seek certiorari with the U.S. Supreme Court. ECF No. 1 at 4. Thus, his judgment became final ninety days later, on December 10, 2017. Higgenbottom then had one year in which to file his petition (i.e., until December 17, 2018). However, Section 2244(d)(2) tolls the one-year statute of limitations when a petitioner files a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim." The time while such an application is pending "shall not be counted toward any period of limitation." 28 U.S.C. § 2244(d)(2). Higgenbottom filed his Wis. Stat. § 974.06 motion on September 18, 2018 (and notes that he tendered it to prison staff for mailing on September 10, 2018), in advance of his December 17, 2018 deadline to file a federal habeas petition. The Wisconsin Supreme Court denied review on October 18, 2021. *Higgenbottom*, 2021 WL 9781627. Thus, Higgenbottom's federal habeas petition, filed on October 28, 2021, ECF No. 1, is timely.

**3.2     Exhaustion**

Next, the Court analyzes whether Higgenbottom fully exhausted his state-court remedies. A district court may not address grounds raised in a habeas petition "unless the state courts have had a full and fair opportunity to review them." *Farrell v. Lane*, 939 F.2d 409, 410 (7th Cir. 1991). Accordingly, a state prisoner is required to exhaust the remedies available in state court before a district court will consider the merits of a federal

habeas petition. 28 U.S.C. § 2254(b)(1)(A); *Dressler v. McCaughtry*, 238 F.3d 908, 912 (7th Cir. 2001). A petitioner exhausts his claim when he presents it to the highest state court for a ruling on the merits. *Lieberman v. Thomas*, 505 F.3d 665, 669 (7th Cir. 2007) (citing *Picard v. Connor*, 404 U.S. 270, 275 (1971)); *Perruquet v. Briley*, 390 F.3d 505, 513 (7th Cir. 2004). Once the state's highest court has had a full and fair opportunity to pass upon the merits of the claim, a petitioner is not required to present it to that court again. *Humphrey v. Cady*, 405 U.S. 504, 516 n.18 (1972).

Based on the Wisconsin Court of Appeals' May 17, 2017 and May 19, 2021 orders, and the Wisconsin Supreme Court's denial of review as to both, it appears that Higgenbottom has fully exhausted each of the four grounds in his present petition. *Higgenbottom*, 2017 WL 2192108; *Higgenbottom*, 2021 WL 1991235.

### 3.3 Procedural Default

The Court next determines whether Higgenbottom has procedurally defaulted on any of his exhausted grounds. Even though a constitutional claim in a federal habeas petition has been exhausted, a court is still barred from considering the ground if the petitioner has procedurally defaulted on the claim. *See Mahaffey v. Schomig*, 294 F.3d 907, 915 (7th Cir. 2002). A state prisoner procedurally defaults on a constitutional claim in a habeas petition when he fails to raise the claim in the state's highest court in a timely fashion or in the manner prescribed by state law. *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999); *Thomas v. McCaughtry*, 201 F.3d 995, 1000 (7th Cir. 2000).

Here, on the record before the Court, it appears that some—or a subset of—Higgenbottom's grounds may be procedurally defaulted under the doctrines set forth in *State v. Escalona-Naranjo*, 517 N.W.2d 157 (Wis. 1994) and *State v. Romero-Georgana*, 849 N.W.2d 668 (Wis. 2014), both of

which the Seventh Circuit has held to be independent and adequate state law grounds precluding federal habeas review. *See Whyte v. Winkleski*, 34 F.4th 617 (7th Cir. 2022); *Garcia v. Cromwell*, 28 F.4th 764 (7th Cir. 2022).

However, "[i]n the habeas context, the application of the independent and adequate state ground doctrine, of which procedural default is an instance, is not jurisdictional." *Wagner v. Mcdermott*, No. 16-CV-106-PP, 2020 WL 6136123, at *5 (E.D. Wis. Oct. 19, 2020) (quoting *Kaczmarek v. Rednour*, 627 F.3d 586, 591 (7th Cir. 2010)). "Procedural default is considered an affirmative defense that the State must raise and preserve to avoid waiver." *Id.* (quoting *Kaczmarek*, 627 F.3d at 591–92).

The Court will consequently allow Higgenbottom to proceed on all of his grounds at the screening stage. Such allowance "does not foreclose the respondent from raising procedural default" in an answer and later in the litigation. *Id.* Should Respondent raise procedural default, as to which the Court has expressed concern regarding certain of Higgenbottom's grounds, Higgenbottom may challenge the defense, or otherwise brief whether any default should be excused through a showing of cause for and prejudice from any such default, or that failure to consider the pertinent issue would result in a fundamental miscarriage of justice. *Whyte*, 34 F.4th at 624; *Garcia*, 28 F.4th at 775; *Bolton v. Apore*, 730 F.3d 685, 696 (7th Cir. 2013).

### 3.4 Frivolous Claims

The Court concludes its Rule 4 review by screening Higgenbottom's petition for patently frivolous claims. *Ray*, 700 F.3d at 996 n.1. Without expressing any opinion as to the potential merit of Higgenbottom's properly exhausted grounds, it does not plainly appear that they are frivolous.

### 4. CONCLUSION

Higgenbottom's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 survives screening. The case will proceed as discussed below.

Accordingly,

**IT IS ORDERED** that the parties shall proceed in accordance with the following schedule:

1. Within thirty (30) days of entry of this Order, Respondent shall file either an appropriate motion seeking dismissal of this action or answer the petition, complying with Rule 5 of the Rules Governing Section 2254 Cases, and showing cause, if any, why the writ should not issue; and

2. If Respondent files an answer, then the parties should abide by the following briefing schedule:

    a. Petitioner shall have sixty (60) days after the filing of Respondent's answer within which to file a brief in support of his petition, providing reasons why the writ of habeas corpus should be issued. Petitioner is reminded that, in accordance with 28 U.S.C. § 2248, unless he disputes allegations made by Respondent in his answer or motion to dismiss, those allegations "shall be accepted as true except to the extent that the judge finds from the evidence that they are not true."

    b. Respondent shall file an opposition brief, with reasons why the writ of habeas corpus should not be issued, within sixty (60) days of service of Petitioner's brief, or within one hundred twenty (120) days from the date of this Order if no brief is filed by Petitioner.

    c. Petitioner may then file a reply brief, if he wishes to do so, within thirty (30) days after Respondent has filed a response brief.

3. If Respondent files a motion in lieu of an answer, then the parties should abide by the following briefing schedule:

    a. Petitioner shall have thirty (30) days following the filing of Respondent's dispositive motion and accompanying brief within which to file a brief in opposition to that motion.

    b. Respondent shall have fifteen (15) days following the filing of Petitioner's opposition brief within which to file a reply brief, if any.

Pursuant to Civil L.R. 7(f), the following page limitations apply: briefs in support of or in opposition to the habeas petition or a dispositive motion filed by Respondent must not exceed thirty pages and reply briefs must not exceed fifteen pages, not counting any caption, cover page, table of contents, table of authorities, and/or signature block;

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, as well as a Memorandum of Understanding entered into between the Wisconsin Department of Justice and the U.S. District Clerk of Court for the Eastern District of Wisconsin, a copy of the petition and this Order have been sent via a Notice of Electronic Filing ("NEF") to State of Wisconsin Respondent through the Attorney General for the State of Wisconsin through the Criminal Appeals Unit Director and lead secretary. The Department of Justice will inform the Court within twenty-one (21) days from the date of the NEF whether the Department will not accept service of process on behalf of Respondent, the reason for not accepting service for Respondent, and the last known address of Respondent. The Department of Justice will provide the pleadings to a Respondent on whose behalf it has agreed to accept service of process.

Dated at Milwaukee, Wisconsin, this 19th day of December, 2022.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge